UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

EDWARD R. CRUZ,                    )
                                   )    No. CV-06-3047-MWL
          Plaintiff,               )
                                   )    ORDER GRANTING PLAINTIFF'S
v.                                 )    MOTION FOR SUMMARY JUDGMENT
                                   )
LINDA S. McMAHON,[1]               )
Commissioner of Social             )
Security,                          )
                                   )
          Defendant.               )
                                   )

BEFORE THE COURT are cross-motions for summary judgment, noted for hearing without oral argument on January 16, 2007. (Ct. Rec. 12, 17).  Plaintiff Edward R. Cruz ("Plaintiff") filed a reply brief on January 17, 2007.  (Ct. Rec. 19).  Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents the Commissioner of Social Security ("Commissioner").  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 6).  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Ct. Rec. 12), **DENIES** Defendant's Motion for Summary Judgment (Ct. Rec. 17), and **REMANDS** the case for further proceedings.

---

[1]As of January 20, 2007, Linda S. McMahon succeeded Defendant Commissioner Jo Anne B. Barnhart as Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d)(1), Commissioner Linda S. McMahon should be substituted as Defendant, and this lawsuit proceeds without further action by the parties.  42 U.S.C. § 405(g).

1

**JURISDICTION**

2     On September 16, 2002, Plaintiff filed concurrent

3 applications for Supplemental Security Income ("SSI") benefits and

4 Disability Insurance Benefits ("DIB"), alleging disability since

5 January 1, 1998, due to a lower back injury. (Administrative

6 Record ("AR") 52-54, 63, 161-164). Plaintiff's applications for

7 SSI and DIB were denied initially and on reconsideration.

8     On February 18, 2005, Plaintiff appeared, unrepresented,

9 before Administrative Law Judge ("ALJ") James Burke, at which time

10 testimony was taken solely from Plaintiff. (AR 173-189). On June

11 28, 2005, the ALJ issued a decision finding that Plaintiff was not

12 disabled. (AR 17-26). The Appeals Council denied a request for

13 review on May 23, 2006. (AR 4-7). Therefore, the ALJ's decision

14 became the final decision of the Commissioner, which is appealable

15 to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff

16 filed this action for judicial review pursuant to 42 U.S.C. §

17 405(g) on June 9, 2006. (Ct. Rec. 1).

18

**STATEMENT OF FACTS**

19     The facts have been presented in the administrative hearing

20 transcript, the ALJ's decision, the briefs of both Plaintiff and

21 the Commissioner and will only be summarized here. Plaintiff was

22 42 years old on the date of the ALJ's decision, earned a GED and

23 completed a year of college, and has past work experience as a

24 landscape company owner/operator. (AR 18, 69). Plaintiff

25 indicated that he stopped working on January 1, 1998, the alleged

26 onset date of disability, because the pain became too unbearable

27 and made it difficult for him to concentrate. (AR 63).

28 ///

Plaintiff appeared without counsel at the administrative hearing held on February 18, 2005. (AR 175). Although the ALJ strongly encouraged Plaintiff to get an attorney before proceeding with his Social Security appeal hearing, Plaintiff elected to proceed unrepresented. (AR 175).

Plaintiff testified that he hurt his back approximately one year prior to his first doctor appointment related to the back injury. (AR 179). He stated that he was lifting weights and his back went out causing him to fall to the floor. (AR 179-180). He testified that he was unable to immediately get up and, since that day, his back has not been the same. (AR 180). He has taken aspirin for the inflammation and began seeing a doctor eight or nine months after his back flared up a second time. (AR 180-181). Plaintiff testified that he could not go back to work because when he exerts himself, his back locks up. (AR 182). He stated that he cannot do too much work, cannot sit in one spot too long and cannot stand for too long. (AR 182). Plaintiff did, however, testify that his back had gotten a little better since his original weight-lifting injury. (AR 183, 186).

Plaintiff stated that, as a result of the back pain, he also gets easily agitated. (AR 187, 188). He stated that he does not get along well with others, but if on his own or as his own boss, he was "just fine." (AR 188). Plaintiff indicated his daily activities consist of doing some cooking, dusting, and maybe a little laundry, but "not much." (AR 187-188).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment

meets or equals one of the listed impairments, Plaintiff is
conclusively presumed to be disabled.  If the impairment is not
one conclusively presumed to be disabling, the evaluation proceeds
to the fourth step, which determines whether the impairment
prevents Plaintiff from performing work he has performed in the
past.  If Plaintiff is able to perform his previous work, he is
not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If Plaintiff
cannot perform this work, the fifth and final step in the process
determines whether Plaintiff is able to perform other work in the
national economy in view of his residual functional capacity and
his age, education and past work experience.  20 C.F.R. §§
404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once Plaintiff establishes that a physical or mental
impairment prevents him from engaging in his previous occupation.
The burden then shifts to the Commissioner to show (1) that
Plaintiff can perform other substantial gainful activity and (2)
that a "significant number of jobs exist in the national economy"
which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498
(9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a
Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by

substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the

decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since his date of alleged onset of disability.  (AR 25).  At step two, the ALJ determined that Plaintiff has low back pain, a severe impairment, but that he does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments.  (AR 21).  The ALJ specifically concluded that Plaintiff's depressive disorder, not otherwise specified ("NOS"), anxiety disorder, NOS, and antisocial and narcissistic personality traits (or possible personality disorder) result in no restriction of activities of daily living, mild difficulties in maintaining social functioning, no difficulties in maintaining concentration persistence or pace and no episodes of decompensation.  (AR 22).

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform substantially all of the requirements of medium exertion level work.  (AR 22-23).  He found that Plaintiff is able to occasionally lift or carry 50 pounds, frequently lift or carry 25 pounds, stand about six hours in an eight-hour workday, walk about two hours in an eight-hour workday, sit (with normal breaks) for a total of about eight hours in an

eight-hour workday, and push and pull without limitations, other than as present for lifting or carrying.  (AR 22).

At step four of the sequential evaluation process, the ALJ found that, based on Plaintiff's RFC, he could not perform his past relevant work as a landscaper.  (AR 24).  However, the ALJ determined that, based on Plaintiff's RFC, age, education, and work experience, a finding that Plaintiff is "not disabled" is directed by the Medical-Vocational Guidelines ("Grids") rule 203.28.  (AR 24-25).  Accordingly, the ALJ determined at step five of the sequential evaluation process that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 25-26).

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, he argues that:

1.   The ALJ erred by finding that Plaintiff does not have severe mental impairments;

2.   The ALJ failed to set forth the requisite reasons, supported by substantial record evidence, for rejecting the opinions of examining psychologist, Frank Seibel, Psy.D.; and

3.   The ALJ erred at step five of the sequential evaluation process by relying exclusively on the Grids to deny Plaintiff's claim rather than taking vocational expert testimony.

This Court must uphold the Commissioner's determination that Plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

///

## DISCUSSION

### Severe Mental Impairment

Plaintiff contends that the ALJ erred by concluding that he did not have severe mental impairments. (Ct. Rec. 14, pp. 9-16). Plaintiff specifically asserts that the ALJ erred by failing to set forth the requisite reasons, supported by substantial record evidence, for rejecting the opinions of examining psychologist, Frank Seibel, Psy.D. (Ct. Rec. 14, pp. 13-16). The Commissioner responds that the ALJ properly considered and addressed the medical evidence of record and properly determined the severity of Plaintiff's impairments. (Ct. Rec. 18, pp. 8-15).

Plaintiff has the burden of proving that he has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows that he has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921.

Step two is "a de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence." S.S.R. 85-28; *see Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir.

2005).  Applying the normal standard of review to the requirements
of step two, the Court must determine whether the ALJ had
substantial evidence to find that the medical evidence clearly
established that Plaintiff did not have a medically severe mental
impairment.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)
("Despite the deference usually accorded to the Secretary's
application of regulations, numerous appellate courts have imposed
a narrow construction upon the severity regulation applied
here."); *Webb*, 433 F.3d at 687.

     In this case, the ALJ concluded that Plaintiff's depressive
disorder, NOS, anxiety disorder, NOS, and antisocial and
narcissistic personality traits (or possible personality disorder)
result in no restriction of activities of daily living, mild
difficulties in maintaining social functioning, no difficulties in
maintaining concentration persistence or pace and no episodes of
decompensation.  (AR 22).  Accordingly, the ALJ found that
Plaintiff had no severe mental impairments and no resultant non-
exertional limitations.  In making this determination, the ALJ
noted that there was no evidence in the record to support more
than a mild limitation with respect to Plaintiff's mental health
and, apparently, gave little weight to the report of Dr. Seibel
because it was mainly based on Plaintiff's statements.[2]  (AR 22).

     On February 12, 1999, Plaintiff underwent an orthopedic
examination by Todd B. Orvald, M.D.  (AR 115-117).  In addition to
findings related to Plaintiff's physical condition, Dr. Orvald
opined that Plaintiff may be depressed, as evidenced by his weight
loss, his sense of feeling depressed, and his inability to sleep

_____

[2]The ALJ found that Plaintiff was not credible in this case.  (AR 23).

well at night, and suggested that Plaintiff be seen by the county mental health clinic to further evaluate his mental health. (AR 117).

Plaintiff's long-time treating medical professional, Steven L. Mack, PA-C, noted at an October 30, 2002 examination that Plaintiff had depression and had agreed to go to counseling and get an intake evaluation at Central Washington Comprehensive Mental Health.[3] (AR 131). Mr. Mack started Plaintiff on the anti-depressant medication Zoloft which Plaintiff discontinued on his own accord at three weeks of use because it made him feel "disconnected." (AR 131-132).

On December 9, 2004, Plaintiff underwent a psychological evaluation by Frank L. Seibel, Psy.D., at the request of the ALJ. (AR 152-159). Dr. Seibel diagnosed Plaintiff with a depressive disorder, NOS, an anxiety disorder, NOS, antisocial and narcissistic personality traits, and a history of a back injury with chronic pain and gave Plaintiff a Global Assessment of Functioning ("GAF") score of 52.[4] (AR 157). Although Dr. Seibel indicated that Plaintiff appeared able to follow both simple and complex instructions, he further noted that Plaintiff has "significant difficulties getting along appropriately with others, particularly supervisors." (AR 159). Dr. Seibel also indicated

---

[3]There is no indication in the record that Plaintiff underwent counseling following the examination. In fact, Mr. Mack's December 2, 2002 evaluation revealed that Plaintiff stated he had not gone to counseling, because he did not feel that he needed it. (AR 132).

[4]A GAF of 51 to 60 indicates moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks), OR moderate difficulty in social, occupational, or school function (e.g. few friends, conflicts with peers or co-workers). DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS-IV 32 (4th ed. 1994).

that Plaintiff's ability to tolerate additional stress was somewhat compromised by his report of back pain and his ongoing symptoms of depression and anxiety.  (AR 159).

Although the ALJ asserts that "there is simply no evidence in the record to support more than a mild limitation" with respect to Plaintiff's mental impairments (AR 22), the undersigned finds that the medical record paints an incomplete picture of Plaintiff's overall mental health.  Although Plaintiff ultimately bears the burden of establishing his disability, *see Bowen*, 482 U.S. at 146, the ALJ had an affirmative duty to supplement Plaintiff's medical record, to the extent it was incomplete, before rejecting his claim of a severe mental impairment.  *See* 20 C.F.R. § 404.1512(e)(1); S.S.R. 96-5p (1996).  "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).  This duty is especially important in a case, such as this, where the Plaintiff appeared unrepresented by counsel.  The ALJ's duty to supplement Plaintiff's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  Here, the undersigned finds that the medical evidence was sufficiently ambiguous with regard to Plaintiff's mental impairments to trigger the ALJ's duty to fully and fairly develop the record.[5]

---

[5]Moreover, the ALJ appears to note that the medical record is inadequate with respect to Plaintiff's mental impairments.  (AR 22). The ALJ noted the reports of Dr. Orvald and Mr. Mack and indicated that, subsequent to those records, the only other documentation of Plaintiff's mental health is the December 2004 report by Dr. Seibel.  (AR 22).

1    Nevertheless, the undersigned additionally finds that the

2  medical records from Mr. Mack and Drs. Orvald and Seibel evidence

3  mental problems sufficient to pass the de minimis threshold of

4  step two of the sequential evaluation process.  *See Smolen,* 80

5  F.3d at 1290.  The ALJ did not reference any medical reports

6  contradicting the opinions of these medical professionals, and it

7  would have been difficult for him to have done so since the record

8  is devoid of any other evidence, from a credible medical source,

9  regarding Plaintiff's mental health.  Accordingly, the weight of

10  the record evidence shows that Plaintiff's claim of severe mental

11  impairments was not "groundless."  *Smolen*, 80 F.3d at 1290; *Webb*,

12  433 F.3d at 688.  The Court thus agrees with Plaintiff that the

13  ALJ erred at step two of the sequential evaluation process.

14                          **CONCLUSION**

15    Plaintiff argues that the ALJ's error should result in this

16  Court reversing the ALJ's decision and remanding the matter for an

17  adequate step five analysis.  (Ct. Rec. 14, p. 17).  The Court has

18  the discretion to remand the case for additional evidence and

19  finding or to award benefits.  *Smolen*, 80 F.3d at 1292.  Remand is

20  appropriate when additional administrative proceedings could

21  remedy defects.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.

22  1989).

23    While it is apparent from the record that the ALJ erred at

24  step two with respect to Plaintiff's mental condition, it is not

25  clear from the record, as it currently stands, whether Plaintiff's

26  severe physical and mental impairments, either singly or in

27  combination, would prevent him from performing substantial gainful

28  employment.  The vocational expert, who was available at the

administrative hearing on February 18, 2005, but did not testify, should have been presented with Dr. Seibel's findings, in particular Dr. Seibel's conclusions that Plaintiff has "significant difficulties getting along appropriately with others, particularly supervisors" and that Plaintiff's ability to tolerate additional stress was somewhat compromised by his report of back pain and his ongoing symptoms of depression and anxiety.  (AR 159).  However, since no vocational expert testimony was taken, further development is necessary to remedy defects and for a proper determination to be made in this case.

On remand, the ALJ shall elicit the testimony of a medical expert, at a new administrative hearing, to specifically address Plaintiff's mental health and to assist the ALJ in formulating a new RFC determination.  The ALJ shall reassess Plaintiff's RFC, taking into consideration the medical expert's testimony, the medical reports of Mr. Mack, Dr. Orvald and Dr. Seibel, and any additional or supplemental medical evidence relevant to Plaintiff's claim for disability benefits.  Plaintiff's RFC assessment should also be presented to a vocational expert in order to determine if he is capable of performing work existing in sufficient numbers in the national economy, despite his exertional and non-exertional limitations.

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment (**Ct. Rec. 12**) is **GRANTED.**

2.    Defendant's Motion for Summary Judgment (**Ct. Rec. 17**) is **DENIED.**

///

3.    The above captioned matter is **REMANDED** for additional proceedings as outlined above and pursuant to sentence four of 42 U.S.C. § 405(g).

4.    Judgment shall be entered for **PLAINTIFF**.

5.    An application for attorney fees may be filed by separate motion.

6.    The District Court Executive is directed to change the title of this case to reflect the new Commissioner.

7.    The District Court Executive is further directed to enter this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** the file.

**IT IS SO ORDERED.**

**DATED** this ___2nd___ day of February, 2007.

                                        s/Michael W. Leavitt
                                    MICHAEL W. LEAVITT
                                UNITED STATES MAGISTRATE JUDGE